UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SONNENBERG,<br><br>        Plaintiff,<br><br> -against-<br><br>TRIANGLE AUTO BODY INC., RIDGEWOOD AUTO SPRING INC., TRIANGLE AUTOMOTIVE INC., TRIANGLE TOWING AND RECOVERY, INC., ALBERT D'ANDREA, and BRIAN GERDTS,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff STEPHEN SONNENBERG ("Plaintiff") through his attorneys, Harrison, Harrison & Assoc., Ltd, alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

  1.  Plaintiff was employed as a non-exempt tow truck driver by Defendants Triangle Auto Body Inc., Ridgewood Auto Spring Inc., Triangle Automotive Inc., Triangle Towing and Recovery, Inc., Albert D'Andrea, and Brian Gerdts (collectively "Defendants"), subject to the wage and overtime provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et. seq.,* and the New York Labor Law ("NYLL").

  2.  Plaintiff brings this action to remedy Defendants' violations of the FLSA, the NYLL, and supporting regulations. Plaintiff seeks unpaid overtime premiums along with statutory liquidated damages under the FLSA and the NYLL. Plaintiff is also seeking unpaid minimum wages, spread of hours pay, statutory wage statement penalties, and

1

illegal deductions under the NYLL.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 *et. seq.* and 28 U.S.C § 1331.

4. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants Triangle Auto Body Inc., Ridgewood Auto Spring Inc., Triangle Automotive Inc., and Triangle Towing and Recovery, Inc. maintain their principal places of business in, do business in, and accordingly reside in, this District. Furthermore, Defendants Albert D'Andrea and Brian Gerdts also reside in this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

6. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. 1391.

## THE PARTIES

7. Plaintiff Stephen Sonnenberg ("Plaintiff") is a resident of Queens County, State of New York.

8. Plaintiff was employed by Defendants to work as a tow truck driver from in or around spring of 2003 until in or around the beginning of May, 2025, when Defendant

D'Andrea called Plaintiff to inform him that he is "no longer needed" and that Defendants can "no longer pay him," thus ending Plaintiff's employment with Defendants.

9. Plaintiff's last day of work for Defendants was March 21, 2025.

10. At all times relevant hereto, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and of the NYLL § 190(2).

11. Defendant Triangle Auto Body Inc. ("Triangle Auto Body") is a New York Business Corporation with its principal place of business located at 57-11 79th Avenue, Glendale, NY 11385.

12. Defendant Ridgewood Auto Spring Inc. ("Ridgewood") is a New York Business Corporation with its principal place of business located at 63-07 Fresh Pond Road, Ridgewood, NY 11385.

13. Defendant Triangle Automotive Inc. ("Triangle Automotive") is a New York Business Corporation with its principal place of business located at 59-60 Decatur Street, Ridgewood, NY 11385.

14. Defendant Triangle Towing and Recovery, Inc. ("Triangle Towing") is a New York Business Corporation with its principal place of business located at 77-08 Cypress Avenue, Glendale, NY 11385.

15. Defendants Triangle Auto Body, Ridgewood Auto Spring, Triangle Automotive, and Triangle Towing are referred to as the Corporate Defendants herein.

16. Defendant Albert D'Andrea ("D'Andrea") is an individual who resides in the County of Queens in the State of New York.

17. Defendant D'Andrea spends each work day at Triangle Auto Body, located at 57-11 79th Avenue, Glendale, NY 11385 and manages each of the Corporate

Defendants.

18. Defendant D'Andrea is the President of Defendant Triangle Auto body and, on information and belief, an owner of each of the Corporate Defendants.

19. At all times relevant hereto, Defendant D'Andrea had, and exercised, the power to hire, fire, and control the wages, hours, and working conditions of Plaintiff.

20. Defendant D'Andrea fired Plaintiff, set Plaintiff's compensation and calculated and paid him his wages each week, and assigned Plaintiff's schedule and work assignments.

21. Defendant Brian Gerdts ("Gerdts") is an individual who resides in the County of Queens in the State of New York.

22. Defendant Gerdts is an owner and the Chief Executive Officer ("CEO") of each of the Corporate Defendants.

23. Defendant Gerdts works out of the Ridgewood office located at 63-07 Fresh Pond Road, Ridgewood, NY 11385.  Defendant Gerdts travels to the locations of the other Corporate Defendants during the work day in order to review and manage their work.

24. At all times relevant hereto, Defendant Gerdts had, and exercised, the power to hire, fire, and control the wages, hours, and working conditions of Plaintiff.

25. At the end of each work day, Defendant Gerdts would confer with Defendant D'Andrea on the management of the Corporate Defendants, including Defendants' decisions regarding Plaintiff's remuneration and scheduling.

26. As owner and CEO of the Corporate Defendants, Defendant Gerdts had, and exercised, the power to veto all hiring, firing, scheduling, and pay decisions made by Defendant D'Andrea.

27. At all times relevant hereto, each of the Defendants was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C .§ 203(d) and NYLL § 190(3).

28. At all times relevant hereto, the activities of Defendants jointly and separately constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

29. At all times relevant hereto, Defendants employed employees, including Plaintiff, who regularly engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

30. At all times relevant hereto, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTS

31. Defendants provide towing and auto body services.

32. Together Defendants D'Andrea and Gerdts manage the four Corporate Defendants, which are operated as a single integrated enterprise as defined by the FLSA.

33. Triangle Auto Body, Triangle Automotive, and Triangle Towing each list the same address for the service of process – 57-11 79th Avenue, Ridgewood, NY 11385 – and the same CEO – Defendant Gerdts – on their filings with the New York Secretary of State.

34. Defendants employed Plaintiff for many years as a tow truck driver and provided him with a tow truck to use to tow vehicles.

35. Although each of the Corporate Defendants has a different name, Plaintiff often used the same truck to tow vehicles for calls that came in to each of the different Defendants. Because Triangle begins the name of three of the Corporate Defendants—Triangle Auto Body, Triangle Automotive, and Triangle Towing, customers often would not notice that the truck was for a differently named entity than the one that had been called.

36. Throughout his workday, Defendants assigned Plaintiff to tow vehicles based on the calls that came in, not the entity that was called. During a single day, Plaintiff regularly towed vehicles for two or more of the Corporate Defendants.

37. The Corporate Defendants had approximately nineteen employees—Defendant D'Andrea; eight tow truck drivers, including Plaintiff; three dispatchers, including one who also worked as an assistant to Defendant D'Andrea; one secretary; and six auto body workers. All nineteen employees worked out of the Triangle Auto Body location.

38. No employees worked out of the Triangle Automotive or Triangle Towing location. Defendant Gerdts was the only person who worked out of the Ridgewood location.

39. Other than the supervisory work performed by Defendant Gerdts at the Ridgewood location, all work for all four of the Corporate Defendants was performed by employees who worked out of the Triangle Auto Body location.

40. Defendants calculated Plaintiff's pay based on how many days he worked, and paid him without any division into separate remuneration from individual Corporate Defendants.

41. Defendants regularly scheduled Plaintiff to work <u>five</u> twelve-hour days each week—from 7:00 am until 7:00 pm for a sixty-hour work week—until in or around the summer of 2024.

42. Starting in or about the summer of 2024, Defendants reduced Plaintiff's hours and regularly scheduled him to work <u>four</u> twelve-hour days each week—again from 7:00 am until 7:00 pm - for a forty-eight-hour work week.

43. However, Defendants often required Plaintiff to come in early and start work <u>before</u> his scheduled start time of 7:00 am – when Defendants received early morning calls. Thus, Plaintiff would often arrive at work early, around 5:00 am or 6:00 am, and begin working and responding to calls before his 7:00 am scheduled start time.

44. Defendants also required Plaintiff to <u>complete</u> work on any call that came in before 7:00 pm—even if the call came in shortly before 7:00 pm and Plaintiff was unable to complete his work until more than an hour or two <u>after</u> his scheduled end time.

45. As a result of the work that Defendants required him to perform before and after his scheduled start and end times - in addition to his regularly scheduled (unpaid) overtime hours that Plaintiff was already working - Plaintiff regularly worked ten (10) or more uncompensated hours per week.

46. Each day Plaintiff would report to work at the Triangle Auto Body location, 57-11 79th Avenue, Ridgewood, NY 11385. He would report to the office at 7:00 am or earlier and wait until he received a call for him to tow a vehicle (or would come in earlier due to there being a call).

47. Defendant D'Andrea would call Plaintiff and provide him with all the information for the tow—including the entity to which the call had been made—and Plaintiff would then perform the tow.

48. If possible, Plaintiff would switch tow trucks to perform the tow with a truck with information about the entity to which the call had been made, especially if the call had been made to Ridgewood—but that was not always possible.

49. Defendants paid Plaintiff at the flat rate of $150.00 per day until in or around 2020, when his flat rate was increased to $200.00 per day. This was his pay even when calls came in early and Defendants required him to begin his shift before his 7:00 am scheduled start time, and when calls came in late and they required him to keep working past his 7:00 pm scheduled end time.

50. On days when Plaintiff only worked the twelve hours that he was scheduled, the $200.00 per day payment resulted in an hourly rate of $16.67. Other days when Plaintiff worked fourteen or more hours, Plaintiff's hourly rate was close to $14.28 or less.

51. In violation of the FLSA and NYLL, Defendants never paid Plaintiff overtime at the rate of one and one-half times his regular hourly rate, although they regularly required him to work more than forty hours in a workweek.

52. Furthermore, Defendants often paid Plaintiff less than the minimum rate of $16.00 per hour required by the NYLL and implementing regulations for New York City businesses with eleven or more employees.

53. Defendants also required Plaintiff to pay for gas for the tow truck that they assigned to him and did not fully reimburse him for this expense, which further reduced his hourly wage rate below the minimum wage rate. Defendants would normally provide

Plaintiff with $150.00 to be used to pay for gas throughout the week, and if Plaintiff needed to spend any more money than the $150.00 on gas, he had to pay for it himself; Plaintiff usually had to spend $300.00 or more on gas.

54. Despite requiring Plaintiff to work shifts of more than twelve hours, Defendants never paid Plaintiff spread of hours pay at the minimum hourly rate, as required by the NYLL.

55. Along with his pay, Defendants provided Plaintiff with a handwritten description of the calculation of those wages, but the description did not include information required by section 195(3) of the NYLL such as the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;" and number of hours that Plaintiff had worked.

56. As a direct result of Defendants' NYLL 195(3) violations, Plaintiff suffered actual injuries. Specifically, if Defendants had complied with section 195(3) of the NYLL and notified Plaintiff of the <u>actual</u> number of hours he worked, Plaintiff would have realized much sooner a) that Defendants were not paying him for <u>all</u> hours actually worked, and b) that Defendants were not paying him properly..

57. Defendants did not keep accurate records, as required by federal and state law, of all the hours worked by Plaintiff.

58. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid minimum wages and overtime premiums for overtime hours he worked for Defendants.

59. Defendants knew that the nonpayment of minimum wages and overtime wages would economically injure Plaintiff, and that they violated the FLSA and NJWHL and the NJWPL.

60. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime Wages – FLSA)**

19. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

20. Plaintiff regularly worked in excess of forty (40) hours in a workweek.

21. Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff the required overtime rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

22. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

23. Because Defendants' violations of the FLSA were willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should apply.

**SECOND CAUSE OF ACTION**
**(Failure to Pay Minimum & Overtime Wages, Illegal Deductions – NYLL)**

24. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

25. At all times relevant herein, the NYLL required New York City employers, who—like Defendants—employed eleven or more employees, to pay their non-exempt employees—like Plaintiff—an hourly rate of $15.00, except during 2024 when they were required to increase their employees' pay to a minimum rate of $16.00 per hour.

26. In violation of the NYLL, Defendants failed to pay Plaintiff the required minimum wages.

27. Defendants further decreased Plaintiff's hourly rate by failing to reimburse him for all of the money that he was required to pay for gas for Defendants' tow truck.

28. In violation of the NYLL, Defendants failed to pay Plaintiff addition compensation at the statutorily required overtime rate for hours worked over forty in a workweek.

29. The NYLL prohibits employers from making deductions from an employee's pay in order to repay the employer for losses. NYLL § 193; 12 NYCRR § 195-4.5 (prohibiting deductions for the "[r]epayment of employer losses, including for spoilage, and breakage, case shortages, and fines or penalties incurred by the employer through the conduct of the employee").

30. Defendants willfully, regularly, repeatedly and knowingly violated the NYLL by paying Plaintiff less than the minimum hourly wage rate and failing to pay him at the required overtime rate for hours worked in excess of forty (40) hours in a workweek. Defendants further violated the NYLL by making illegal deductions from Plaintiff's pay.

31. Plaintiff seeks damages in the amount of his unpaid wages, unpaid overtime compensation, liquidated damages, pre-judgment interest at the statutory rate, attorneys'

fees and costs, pursuant to the NYLL, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### (Notice Violations & Wage Statement Violations – NYLL §195)

32. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

33. Defendants willfully failed to supply Plaintiff with an accurate statement of wages containing the information required by NYLL § 195(3)—the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer: and the number of hours worked, including overtime hours worked if applicable.

34. Defendants <u>never</u> provided Plaintiff with an accurate statement of the number of hours that he worked each week.

35. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover statutory damages as provided for by NYLL § 198(1)-d, and NYLL § 198(1)-b, as well as reasonable attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
### (Failure to Pay Spread of Hours Pay – NYLL)

36. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

37. The NYLL requires employers to pay employees whose workday begins more than ten hours before the end of their workday an additional hour of pay at the minimum wage rate.  12 NYCRR §§ 142-2.4 & 2.18.

38. Each day that Plaintiff worked, he worked a workday of more than ten hours.

39. Despite requiring Plaintiff to work these long hours, Defendants never paid Plaintiff spread of hours pay of an additional hour of pay at the minimum hourly wage rate.

40. Plaintiff seeks damages in the amount of his unpaid spread of hours pay, liquidated damages, pre-judgment interest at the statutory rate, attorneys' fees and costs, pursuant to the NYLL, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) An award of unpaid overtime wages. under the FLSA, and statutory liquidated damages to be paid by Defendants;

(b) An award of unpaid overtime wages, minimum wages, deducted wages, and spread of hours pay, under the NYLL, and statutory liquidated damages to be paid by Defendants;

(c) An award of statutory penalties for violations of the notice requirements of the NYLL;

(d) Costs of action incurred herein, including expert fees;

(e) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 & N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(f) Pre-Judgment and post-judgment interest, as provided by law; and

(g) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: June 11, 2025

                                            Respectfully submitted,

                                            HARRISON, HARRISON & ASSOCIATES

                                            __/S/ DAVID HARRISON_____ *David Harrison*
                                            David Harrison
                                            dharrison@nynjemploymentlaw.com
                                            Julie Salwen
                                            jsalwen@nynjemploymentlaw.com
                                            110 State Highway 35, Suite 10
                                            Red Bank, NJ 07701
                                            (718) 799-9111 Phone
                                            *Attorneys for Plaintiff*

# Exhibit "A"

I am a current or former employee of **TRIANGLE AUTO BODY, INC., ALBERT D'ANDRIA** and related entities/ individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this ____ day of 6/11/25 .

_____
Signature

stepHansonnebig
Full Legal Name (print)